IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES DENNIS PERKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-2022-B-BN |
| | § | |
| CITY OF GARLAND POLICE | § | |
| DEPARTMENT, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

James Dennis Perkins, proceeding *pro se*, brings this civil rights action alleging that he was improperly arrested, convicted, and imprisoned for failure to register as a sex offender, that his defense attorney performed deficiently, and that, while incarcerated, threats against him were condoned by an assistant warden and he was denied necessary medical treatment. On May 28, 2013, Plaintiff tendered a complaint to the district clerk. *See* Dkt. No. 3. Because the complaint did not set forth "a short and plain statement of the claim showing that [he] is entitled to relief," FED. R. CIV. P. 8(a)(2), and Plaintiff did not pay the statutory filing fee or seek *in forma pauperis*

status, the Court sent a notice of deficiency, *see* Dkt. No. 6. Plaintiff then filed an application to proceed *in forma pauperis* and an amended complaint. *See* Dkt. Nos. 8 & 9. Because the information provided by Plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 13. Two sets of written interrogatories were sent to Plaintiff in order to obtain additional information about the factual basis of this suit. *See* Dkt. Nos. 11 & 16. Plaintiff answered the interrogatories on July 12, 2013 and July 30, 2013. *See* Dkt. Nos. 15 & 17.

In his complaint and interrogatory responses, Plaintiff contends that Garland Police Detective Younger and his partner gave Plaintiff permission to accept a job as an over-the-road truck driver, which would result in him living primarily in his truck and traveling throughout the United States. *See* Dkt. No. 8 at 3. Notwithstanding this permission, Detective Younger and his partner improperly secured a warrant for his arrest. *Id.* Plaintiff now seeks monetary damages, criminal charges against Younger and his partner, and immediate release from custody. *See Id.*. He also seeks relief from the former Director of the Texas Department of Criminal Justice Correctional Institutions Division and Garland Police Chief Mitch Bates in their supervisory capacities, alleges that unnamed officers with the internal affairs division of the Garland Police Department failed to investigate his grievances, and claims that his defense attorney, Stuart Parker, neglected his criminal case and provided ineffective assistance. *See id.*; *see also* Dkt. No. 15 at Questions 1, 2 & 5. Finally, Plaintiff raises

claims related to his current incarceration at the Jester III Unit of TDCJ, alleging that Warden Monty Hudspeth, in his supervisory capacity, denied him the ability to provide for his family and necessary medical care, that Assistant Warden Jacqueline Jones refused to remedy the use of threats and profanity by a prison guard, and that six prison officials have been deliberately indifferent to his serious medical needs or failed to provide medical care. *See* Dkt. No. 15 at Questions 3 & 4; Dkt. No. 17 at Questions 1 & 2.

The undersigned now concludes that Plaintiff's claims against former Director Thaler, Chief Bates, Detective Younger, the "John Doe" police detective, the unnamed internal affairs officers, and Stuart Parker, and all claims challenging his arrest and imprisonment should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). The claims related to Plaintiff's incarceration at TDCJ's Jester III Unit should be severed and transferred to the Houston Division of the Southern District of Texas.

**Legal standards**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

Venue in a civil action, including a civil rights action under 42 U.S.C. § 1983, is governed by 28 U.S.C. § 1391(b). *See Davis v. Louisiana State University,* 876 F.2d 412, 413 (5th Cir. 1989). This statute provides that venue is proper in the judicial district:

(1) where the defendant resides; (2) where a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district where the action may otherwise be brought, in any judicial district in which any defendant is subject to personal jurisdiction. *See* 28 U.S.C. § 1391(b). The Court may transfer a case, "[f]or the convenience of parties and witnesses, in the interest of justice, ... to any other district or division where it might have been brought." *Id.* § 1404(a). The Court may raise venue and issue a Section 1404(a) transfer order *sua sponte*, *see Mills v. Beech Aircraft Corp.,* 886 F.2d 758, 761 (5th Cir. 1989), and has "broad discretion in deciding whether to order a transfer," *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 311 (5th Cir. 2008) (en banc).

## Analysis

*Claims Against Chief Bates, Former Director Thaler, and Internal Affairs Officers*

Plaintiff has failed to state a claim against Garland Police Chief Mitch Bates, former TDCJ CID Director Rick Thaler, and unnamed investigating officers with the Garland Police Department. As supervisory officials, Defendants Bates and Thaler cannot be sued for civil rights violations unless they (1) affirmatively participated in acts that caused a constitutional deprivation or (2) implemented unconstitutional policies that resulted in injury to plaintiff. *See Mouille v. City of Live Oak, Tex.,* 977 F.2d 924, 929 (5th Cir. 1992). Plaintiff does not allege any personal involvement by Bates or Thaler and has not identified an official policy or custom that resulted in the denial of his constitutional rights. *See* Dkt. No. 15 at Questions 1 & 2. Instead, he seeks to hold Thaler responsible for his current imprisonment and to hold Bates and

the unnamed internal affairs officers responsible for ignoring his grievances. *See id.*; *see also* Dkt. No. 8 at 2-3. According to Plaintiff's allegations, none of these Defendants had a personal role in the constitutional violations that are alleged. *See id.* They cannot be held responsible under Section 1983 for the constitutional violations of subordinates or for failing to take corrective action in response to grievances. *See Campbell v. Tyson*, No. 3:13-cv-1003-M-BN, 2013 WL 2094987, at *3 (N.D. Tex. Apr. 23, 2013) (citing *Mitchell v. Valdez,* No. 3:07-cv-0036-B, 2007 WL 1228061, at *2 & n.1 (N.D. Tex. Apr. 25, 2007)), *rec. adopted*, 2013 WL 2097363 (N.D. Tex. May 14, 2013).

*Claims Against Stuart Parker*

Plaintiff cannot sue his defense attorney for civil rights violations. Public defenders and private attorneys are not "state actors" and cannot be sued under 42 U.S.C. § 1983. *See Polk County v. Dodson,* 454 U.S. 312, 324-25 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Mills v. Criminal Dist. Court No. 3,* 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983."). All of Plaintiff's claims against Parker arise from his conduct in representing Plaintiff in a criminal proceeding. *See* Dkt. No. 15 at Question 5. Accordingly, such claims should be summarily dismissed.

*Allegations of Wrongful Arrest, Malicious Prosecution, and Unlawful Incarceration*

In *Heck v. Humphrey,* the Supreme Court held that a state prisoner cannot bring a Section 1983 action directly challenging his confinement unless and until the reason

for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The *Heck* bar applies to claims of malicious prosecution and false arrest. *See Tyler v. Cedar Hill Indep. Sch. Dist.,* No. 3:09-cv-2469-G, 2010 WL 1233455, at *2 (N.D. Tex. Mar. 3, 2010), *rec. adopted,* 2010 WL 1233458 (N.D. Tex. Mar. 29, 2010) (summarily dismissing claims for unlawful arrest and false imprisonment under *Heck*). Here, Plaintiff concedes that his conviction has not been reversed on appeal, expunged by executive order, or otherwise declared invalid. *See* Dkt. No. 15 at Questions 8 & 9. Accordingly, any such claim should be dismissed as frivolous. *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (*Heck*-barred claim is legally frivolous).

To the extent that Plaintiff seeks release from custody for his allegedly unlawful imprisonment, *see* Dkt. No. 15 at Question 7, his complaint must be construed as an application for writ of habeas corpus under 28 U.S.C. § 2254, *see Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). However, Plaintiff has already sought habeas relief in this Court. *See Perkins v. Thaler*, No. 3:12-cv-5086-N-BK, 2013 WL 1797894 (N.D. Tex. Apr. 4, 2013), *rec. adopted*, 2013 WL 1797936 (N.D. Tex. Apr. 29, 2013). The Court does not have jurisdiction to consider a second or successive habeas writ. *See* 28 U.S.C. §§ 2244(b)(2) & (3).

*Claims Related to Incarceration*

That leaves Plaintiff's claims against Senior Warden Monty Hudspeth, Assistant Warden Jacqueline Jones, and the six individuals who were allegedly deliberately

indifferent to his serious medical needs or denied medical care at the Jester III Unit. *See* Dkt. No. 15 at Questions 3 & 4; Dkt. No. 17 at Questions 1 & 2. All of these claims arise from conduct that occurred at the Jester III Unit of TDCJ, which is located in Richmond, Texas, within the Houston Division of the Southern District of Texas. *See* 28 U.S.C. § 124(b)(2). All remaining defendants apparently reside within or near this district and division. Accordingly, these claims should be severed and transferred to the Southern District of Texas pursuant to 28 U.S.C. § 1391(b).

## Recommendation

Plaintiff's claims against former Director Thaler, Chief Bates, Detective Younger, the "John Doe" police detective, the unnamed internal affairs officers, and Stuart Parker, and all claims challenging his arrest and imprisonment should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). The claims related to Plaintiff's incarceration at TDCJ's Jester III Unit should be severed and transferred to the Houston Division of the Southern District of Texas pursuant to 28 U.S.C. § 1391(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: August 15, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE